UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND FOY, | ) | CASE NO. 5:08 CV 1208 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CURTIS FLOYD, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On May 15, 2008, *pro se* plaintiff Raymond Foy filed this action under 42 U.S.C. § 1983 against Canton, Ohio Police Officer Curtis Floyd, Canton Police Officer Lester Marino, Canton Police Officer W. Guthrie, Canton Police Officer Donald King, Canton Municipal Court Judge John Poulos, Canton City Prosecutor Frank Forchione, and the City of Canton. In the complaint, plaintiff raises challenges to his criminal conviction. He seeks monetary damages.

**Background**

On May 4, 2006, Officer Floyd sought and obtained a warrant for Mr. Foy's arrest on charges of aggravated robbery. Four days later, he obtained another arrest warrant for Mr. Foy on charges of having a weapon under disability and felonious assault. Officers Marino and Guthrie

executed those warrants on May 19, 2006 and transported him to the Canton City Jail. On the same day, charges of having a weapon under disability, carrying a concealed weapon, and receiving stolen were added. Charges of breaking and entering and theft were filed by Officer King on June 6, 2006. Preliminary hearings were conducted on May 22, 2006 and May 30, 2006, on the charges filed by Officers Marino, Guthrie, and Floyd. No preliminary hearing was held on the charges filed by Officer King. These charges were the subject of an indictment.

Mr. Foy asserts four claims for relief. In his first claim for relief, Mr. Foy states that the complaints filed against him were defective because they did not list all the elements of the respective crimes. He contends that the court therefore lacked subject matter jurisdiction over him. He argues that Judge Poulos can be held personally liable in this event. In his second claim for relief, Mr. Foy argues that the warrants lacked probable cause. He contends that this resulted in his wrongful arrest and false imprisonment. In his third cause of action, Mr. Foy asserts that the City of Canton failed to train its employees. He claims that each of the warrants issued lacked probable cause because all of them failed to list all of the elements of the crimes. He asserts that the City of Canton failed to train its employees to establish probable cause before securing an arrest warrant. His fourth cause of action is similar to his third. He asserts that the City of Canton has a policy of writing warrants in a manner which deprived him of his liberty without probable cause. Mr. Foy seeks $7,000,000.00 in damages. Mr. Foy was convicted in 2006. He is currently incarcerated in the Trumbull Correctional Institution.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S.

364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

A prisoner may not raise claims under 42 U.S.C. § 1983 if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The holding in *Heck* applies whether plaintiff seeks injunctive, declaratory or monetary relief. *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). If successful, plaintiff's claims would call into question in conviction. He must therefore allege that his continued conviction has been declared invalid by either an Ohio state court or a federal habeas corpus decision. He has not done so and his claims must therefore be dismissed.

**Conclusion**

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED**.

Dated: July 31, 2008

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.